IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01910-LTB-CBS

BAOLIANG "RICHARD" ZENG

Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation

Defendant.

---

## ORDER

---

Magistrate Judge Craig B. Shaffer

PENDING before the court is Plaintiff Zeng's Amended Unopposed Motion to

Withdraw and to Amend Scheduling Order to Extend Discovery Deadlines, filed on May 23,

2005. As to the latter request, Plaintiff's Amended Motion asks the court to grant "a 90-day

extension on all discovery deadlines in this matter, including the deadline for the discovery cut-off

and the deadline for dispositive motions, and to continue the jury trial for ninety days."

Apparently, Plaintiff Zeng "needs this extension of time so that he can obtain new counsel to

prosecute this case."

On May 31, 2005, Plaintiff Zeng filed a Supplement to Amended Motion to Withdraw

and to Amend Scheduling Order to Extend Discovery Deadlines. With this Supplement, Plaintiff

requests an extension of 180 days, rather than the 90-day extension previously requested. Plaintiff Zeng is concerned that the shorter extension would not provide adequate time to retain replacement counsel. Plaintiff states that as a full-time resident of California, it is "very difficult and costly for the Plaintiff to find replacement counsel in a 90-day period." Mr. Zeng also argues that the case is "large and complex" and that replacement counsel will need additional time to become familiar with the facts and issues.

Defendant Hewlett-Packard filed a Response on June 6, 2005. Apparently, Defendant does not object to a 90-day extension of the discovery deadlines and the dispositive motion deadline, and would not oppose a 90-day extension of the trial date. However, Hewlett-Packard does object to any greater extension of time.

After carefully considering the comments of counsel and Mr. Zeng during a hearing on June 20, 2005, the court will grant, in part, Plaintiff Amended Unopposed Motion to Withdraw and to Amend Scheduling Order to Extend Discovery Deadlines. I find that there is good cause to grant counsel's motion to withdraw. *See* Rule 1.16, Colorado Rules of Professional Conduct. I further find that counsel's withdrawal will not have a material adverse effect on Mr. Zeng's interests given the court's decision to extend pretrial deadlines by 90 days.

Plaintiff's Amended Motion and subsequent Supplements are denied, however, to the extent they seek an 180-day extension of pretrial deadlines. Contrary to Plaintiff's assertion, this case does not involve unusually complex legal issues under Title VII and 42 U.S.C. § 1981. The

2

parties held a Fed.R.Civ.P. 26(f) conference on December 22, 2004, and Plaintiff could have begun formal discovery on that date. *See* Fed.R.Civ.P. 26(d). The parties' Scheduling Order incorporates the parties' proposed discovery deadline of August 15, 2005. Had Plaintiff promptly initiated formal discovery, he would have had approximately eight months to complete his discovery. Plaintiff's original counsel already has completed expert disclosures pursuant to Fed.R.Civ.P. 26(a)(2), served written discovery and taken three of the ten fact depositions authorized under the parties' Scheduling Order. While I can appreciate the difficulties in finding replacement counsel at this juncture of the litigation, particularly from Californai, Plaintiffs' motion does not establish good cause for an extension of 180 days. With the additional 90 days permitted by this Order, Plaintiff will have approximately five months to complete discovery.

Accordingly, for the foregoing reasons, Plaintiff Zeng's Amended Unopposed Motion to Withdraw and to Amend Scheduling Order to Extend Discovery Deadlines, filed on May 23, 2005, is GRANTED IN PART and DENIED IN PART. Of course, this court cannot vacate a trial date set by the District Court. Plaintiff remains free to renew his request for a greater extension of time should future events establish good cause. Unless and until the District Court vacates the existing trial date, however, this court will extend the discovery deadline 90 days to November 15, 2005, and the dispositive motion deadline to December 15, 2005. At this juncture, the final pretrial conference will be re-scheduled to January 4, 2006, at 9:30 a.m. The parties must submit a proposed final pretrial order five (5) days before the final pretrial conference.

3

DATED this 20th day of June, 2005.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge