IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01910-LTB-CBS

BAOLIANG "RICHARD" ZENG,
    Plaintiff,
v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,
    Defendant.
_____

ORDER RE: JANUARY 5, 2006 ORDER TO SHOW CAUSE
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Zeng's "Responses to Court Order to Show Cause" (filed January 17, 2006) (doc. # 123).

I.    Background

This civil action was filed on September 15, 2004 in the United States District Court for the District of Colorado. Pursuant to the November 17, 2004 Order of Reference (doc. # 9), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine any pretrial matter. . . ." On January 20, 2005, a 7-day trial to a jury was set to commence on February 21, 2006. On June 20, 2005, counsel was permitted to withdraw from representing Zeng. The court explained to Zeng on June 20, 2005 that, until he found a new attorney, he represented himself and was bound by the Federal Rules of Civil Procedure and the Local Rules for the District of Colorado. (*See* doc. # 34). Also on June 20, 2005, Zeng requested "a 90-day extension on all discovery deadlines in this matter"

in order to "obtain new counsel to prosecute this case." (*See* doc. # 28 at ¶ 4). HP did not object to a 90-day extension and Magistrate Judge Shaffer granted Zeng's request to extend discovery deadlines for 90 days. Since June 20, 2005, Zeng has been proceeding *pro se*.

HP commenced Zeng's deposition on March 8, 2005 in Colorado. The parties agreed that HP would have four additional hours to complete Zeng's deposition. (*See* Motion to Compel and for Sanctions (doc. # 42), Exhibit 1 (Zeng deposition) at p. 255 and Exhibit 2 (Craigmile Declaration) at ¶¶ 2-3). When Zeng's counsel withdrew on June 20, 2005, Zeng's deposition had not yet been completed. Since the filing of this case, Zeng has relocated from Colorado to California. (*See* Complaint at p. 16).

On August 9, 2005, HP wrote to Zeng requesting dates to complete his deposition. (*See* Exhibit 3 to doc. # 42). Zeng did not provide any dates, responding instead that he needed to find an attorney before he could be deposed and that the deposition must take place in California. (*See* Exhibit 4 to doc. # 42 at pp. 2-3). HP responded that the deposition should take place in Colorado, where the case was filed. (*See* Exhibit 5 to doc. # 42). On September 22, 2005, HP again wrote to Zeng requesting dates to complete his deposition. (*See* Exhibits 6 and 7 to doc. # 42). On September 30, 2005, HP served a notice of deposition setting Zeng's deposition on October 24, 2005. (*See* Exhibit 7 to doc. # 42). On October 4, 2005, HP wrote to Zeng requesting that he supplement his responses to interrogatories and document requests. (*See* Exhibit 8 to doc. # 42). Zeng responded on October 18, 2005 and October 20, 2005 that he was unable to travel to Colorado in October or for the next two months "due to my work schedule in my company

as well as family reason [sic]" and that he needed more time to provide supplemental responses to interrogatories and document requests. (*See* Exhibits 9 and 10 to doc. # 42). On October 24, 2005, Zeng failed to appear for the completion of his deposition.

Between June 20, 2005 and November 15, 2005, no matters were brought to the court's attention other than a discovery dispute. On December 2, 2005, Zeng moved to "vacate the trial date" and "amend the Scheduling Order to extend all discovery deadlines for 180 days. . . ." (*See* doc. # 51). Zeng again moved on December 8 and 9, 2005 to vacate the trial date and extend the discovery deadlines. (*See* docs. # 63 and # 65). HP objected to Zeng's requests. (*See* doc. # 60). On December 13, 2005, District Judge Babcock denied Zeng's three motions to vacate the trial date and amend the Scheduling Order. (*See* doc. # 74). On December 15 and 19, 2005, Zeng again moved to vacate the trial date and reset the Final Pretrial Conference and the Final Trial Preparation conference. (*See* docs. # 82, # 84, and # 92). Judge Babcock later denied Zeng's motions. (*See* doc. # 125).

While Zeng asserted in his motions filed in December 2005 that he had not been afforded sufficient time to find a new attorney or to prepare for trial, approximately six months had passed since June 20, 2005, during which Zeng could have been seeking counsel and/or proceeding with discovery in the case. The parties held a conference pursuant to Fed. R. Civ. P. 26(f) on December 22, 2004, after which Zeng could have begun formal discovery. *See* Fed. R. Civ. P. 26(d). The parties' Scheduling Order was entered on January 19, 2005 while Zeng was still represented by counsel. The Scheduling Order established a discovery deadline on August 15, 2005, affording Zeng eight months

3

to complete discovery.  (*See* doc. # 12).  By June 20, 2005, Zeng's former counsel had completed expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2), served written discovery, and taken three of the ten fact depositions authorized by the Scheduling Order. (*See* Order dated June 20, 2005) (doc. # 36) at p. 3).  While represented by counsel, Zeng served two sets of discovery requests that HP timely answered.  (*See* Exhibit A to HP's Response to Plaintiff's Motion for Leave to Serve Discovery Out of Time (doc. # 89) at ¶ 2).  On June 20, 2005, the court extended the discovery cutoff by 90 days to November 15, 2005.  On June 20, 2005, the court specifically advised Zeng that he had five months remaining to complete discovery and that he could serve written discovery up to 34 days before the discovery cutoff.  (*See* Transcript of June 20, 2005 hearing (doc. # 52) at pp. 17, 24).

Following the June 20, 2005 hearing, Zeng did not obtain new counsel or conduct any discovery.  On September 22, 2005, HP served its First Set of Requests for Admission on Zeng.  (*See* Exhibit A to doc. # 89 at ¶ 3).  On October 4, 2005, HP served  its Second Set of Interrogatories and Requests for Production of Documents on Zeng.  (*See* Exhibit A at ¶ 3, Exhibit A-1, and Exhibit A-2 to doc. # 89).  Zeng did not respond to either of HP's discovery requests.  (*See* Exhibits A-3, A-4, A-5, A-6, A-7, and A-8 to doc. # 89).

Magistrate Judge Shaffer held telephonic discovery conferences on November 15 and November 29, 2005.  On November 15, 2005, the court directed Zeng to respond to HP's  First Set of Requests for Admission and Second Set of Interrogatories and Requests for Production of Documents.  On November 29, 2005, HP indicated that it had not received any discovery requests from Zeng since his counsel had withdrawn.  Zeng

4

asserted that he had sent HP a third set of interrogatories and requests for documents, but could not locate a copy of that discovery request. (*See* Transcript of November 29, 2005 hearing (doc. # 71) at p. 35).

The discovery deadline was November 11, 2005. In a letter dated November 14, 2005, Zeng for the first time identified 146 witnesses. At the November 29, 2005 hearing, Zeng indicated that he would be listing 200 witnesses. (*See, e.g.,* Transcript of November 29, 2005 hearing (doc. # 71) at pp. 16, 32). Also on November 29, 2005, Zeng asked leave "to take fact deposition of about 50 deponents in this case." (*See* Transcript of November 29, 2005 hearing (doc. # 71) at p. 15). On December 2, 2005, Zeng sought additional time to respond to HP's Motion to Compel and for Sanctions, again citing his employment and family obligations. (*See* doc. # 57). Then, on December 12, 2005, Zeng sought permission to serve discovery requests after the discovery deadline. (*See* doc. # 66).

Between December 12, 2005 and January 17, 2006, Zeng filed numerous motions seeking to, *inter alia*, transfer venue, vacate the trial date, and strike certain filings by HP. On December 14, 2005, Zeng filed a "Motion for Sanction and Discipline Actions" (doc. # 79), accusing HP's counsel of "illegal conduct in litigation," among other things.

This case came before Magistrate Judge Shaffer on January 4, 2006 for a final pretrial conference. Counsel for HP appeared in person. Zeng did not appear. On December 28, 2005, the court received an incomplete Final Pretrial Order that did not adequately identify Zeng's exhibit list or witness list.

Zeng alleges that he was unaware that the final pretrial conference was set on

January 4, 2006. However, the record belies his allegation. On June 20, 2005, Zeng advised the court of his current address and telephone number. In a written Order dated June 20, 2005 (doc. # 36), the court set the final pretrial conference on January 4, 2006. The Order was mailed to Zeng at the address provided to the court by Zeng on June 20, 2005. The court's records indicate that the Order was not returned in the mail as undeliverable. The record reveals that Zeng was notified that a final pretrial conference was set on January 4, 2006. (*See, e.g.,* doc. # 92 at ¶ 1 p. 2; Exhibits A-1, A-2, A-3, B-1, and B-5 to proposed Final Pretrial Order (doc. # 102), doc. # 103). Zeng's requests filed on December 16 and 19, 2005 to vacate the trial date and "to reset . . . the final pretrial conference . . ." (*see* docs. # 87 and # 92) indicate that he was aware a pretrial conference had been scheduled.

Due to personal circumstances, Zeng refuses to travel to Colorado before March 28, 2006. (*See, e.g.,* doc. # 92; Exhibits A-2, A-3, B-1, B-2, B-3 to proposed Final Pretrial Order (doc. # 102); Zeng's Responses to Court Order to Show Cause (doc. # 123) at ¶ 16). Zeng has indicated to the court that he cannot and will not travel outside of Northern California before March 28, 2006, including Plaintiff's appearance in deposition and Plaintiff's appearance in Court for the Final Pretrial Conference and the Final Trial Preparation Conference in January 2006 and the trial set February 21, 2006." (*See* doc. # 92 at ¶ 1 p. 2). Zeng has further refused to participate in any telephone conference with defense counsel to discuss the preparation of a Final Pretrial Order. (*See, e.g.,* Exhibits A-2, A-3, B-1, B-2 at p. 4, B-3 to proposed Final Pretrial Order (doc. # 102); doc. # 103).

Pursuant to D.C.COLO. LCivR 41.1, on January 5, 2006, the Magistrate Judge

ordered Zeng to show cause why this civil action should not be dismissed for failure to appear at the January 4, 2006 final pretrial conference, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. The court advised Zeng that failure to timely respond to the January 5, 2006 Order to Show Cause may result in dismissal of the Complaint without further notice.

On January 17, 2006, District Judge Babcock *sua sponte* vacated the Final Trial Preparation Conference set on January 27, 2006 and the jury trial set to commence on February 21, 2006. (*See* docs. # 125 and # 118 at pp. 7-8). Judge Babcock noted that pending at this time are HP's Motion for Summary Judgment, to which Zeng has filed a response and HP has filed a reply (*see* docs. # 43, # 106, # 110, # 111, and # 121) and HP's Motion to Dismiss for Failure to Prosecute, which Zeng has moved to strike (*see* docs. # 115 and # 124). Judge Babcock further noted that "there has been no final pretrial order" and that "all pleadings merge into the final pretrial order and that is the document that controls the trial." (*See* doc. # 118 at pp. 7-8). "It is a critical stage of the proceedings and a critical document. We don't have a final pretrial order." (*See* doc. # 118 at p. 8). Judge Babcock determined that "to go forward at this juncture under this status of the case with trial preparation is unreasonable and prejudicial to the defense . . . [and] to the Court." (*See* doc. # 118 at p. 8).

On January 17, 2006, Zeng responded to the January 5, 2006 Order to Show Cause. Zeng alleged that "[v]enue has been improper for this action." (*See* Zeng's Response to Order to Show Cause at ¶ 2). On January 17, 2006, Judge Babcock denied

Zeng's Motion to Change Venue without prejudice.  (*See* docs. # 68 and # 125).  Zeng reiterated that he "did not receive any Court Order or Minute Order resetting the Final Pretrial Conference before January 3, 2006."  (*See* Zeng's Response to Order to Show Cause at ¶ 5).  Zeng argued that the court erred in ordering him "to appear in person in the Final Pretrial Conference on January 4, 2006."  (Zeng's Response to Order to Show Cause at ¶ 19).  Zeng asserts that HP's "draft of the Final Pretrial Order lack of thoroughness and diligence [sic]," that HP's "witnesses at trial are irrelevant to Defendant's defenses," and that HP's "submission of the Final Pretrial Order on December 28, 2005 was designed to be pretext to Defendant's discriminative motive against Plaintiff [sic] . . . ."  (Zeng's Response to Order to Show Cause at ¶¶ 20).

II.   Analysis

Fed. R. Civ. P. 16(f) authorizes a court to impose sanctions if a party fails to appear at or is substantially unprepared to participate in a pretrial conference.  Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court."  *Cosby v. Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003), *cert. denied*, 541 U.S. 1035 (2004).  *See also Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).

"Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant;

(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *The Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (internal quotation marks and citations omitted).

First, Zeng's conduct in this case has caused significant actual prejudice to HP. Since the withdrawal of his counsel, Zeng has completely failed to prosecute this case. Without notice, Zeng failed to appear for his deposition, causing HP to incur stenographer and videographer expenses, as well as attorney fees for preparation time. HP has been prejudiced by Zeng's failure to produce documents until the close of discovery and his failure to appear for his deposition to explain the documents. HP has incurred attorney fees to file and respond to motions related to Zeng's repeated failures to comply with court orders and the Federal Rules of Civil Procedure. Zeng's conduct has resulted in a delay of the February 21, 2006 trial date. Zeng's conduct has imposed unnecessary costs and delay on HP.

Second, Zeng's conduct in this case has substantially interfered with the judicial process. The court is faced with far more than an isolated occasion of negligence or noncompliance by Zeng. Zeng has engaged in a pattern of deliberate delay and willful failure to comply with court orders. Zeng has requested and received extensions of deadlines, but has not used the extensions to advance his case in any way. Zeng has filed and refiled numerous motions that have delayed the proceedings. He has disregarded court orders and the Federal and Local Rules governing his case. Zeng did not appear at the January 4, 2006 final pretrial conference, did not participate in preparing a Final

Pretrial Order, and did not adequately identify his exhibit list or witness list. Zeng's conduct caused the February 21, 2006 trial date to be vacated. (*See* doc. # 118 at p. 8). If Zeng can "ignore court orders here without suffering the consequences, [the district c]ourt cannot administer orderly justice, and the result would be chaos." *Ehrenhaus*, 965 F.2d at 921. Third, although Zeng blames the current status of his lawsuit on his former counsel, defense counsel, and the court (*see, e.g.,* Exhibit 1 to HP's Motion to Dismiss for Failure to Prosecute (doc. # 115); Zeng's Response to Order to Show Cause (doc. # 123)), the record reveals that the culpability is Zeng's alone. After voluntarily filing this civil action in Colorado while he was represented by counsel, Zeng now repeatedly argues that venue in Colorado is improper. Zeng has repeatedly argued that he needs more time to find a new attorney. HP has agreed to and the court has granted Zeng more than adequate time to hire new counsel, yet Zeng has never described his efforts to locate counsel or demonstrated that any attorney is willing to represent him in this case. Zeng argues that he "is financially unable to travel to Colorado to prosecute this action due to unfortunate circumstances beyond his control." (Zeng's Response to Order to Show Cause at ¶ 17). However, Zeng testified and records from his employer confirm that he earns $129,000 per year. (*See* Exhibit at p. 61 and Exhibit 11 to doc. # 42). On December 15, 2005, after Judge Babcock denied his requests to vacate the trial date, Zeng asserted for the first time that he cannot prepare for trial or travel to Colorado because his wife is temporarily in China and he must remain in California to care for their ill child. Zeng stated in October 2005 that he could not travel for the next two months. Zeng later stated that he cannot travel to Colorado before March 28, 2006. The record reveals Zeng's pattern of

deliberate delay and willful failure to comply with court orders. Zeng is clearly culpable for the delays in this litigation.

Fourth, the court has repeatedly advised Zeng that as a pro se litigant he "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The court warned Zeng on June 20, 2005 that "the court has the inherent authority to dismiss your case for lack of prosecution." (Transcript of June 20, 2005 hearing at p. 16). The court further warned Zeng on January 5, 2006 that failure to show good cause "why this civil action should not be dismissed for failure to appear at the January 4, 2006 final pretrial conference, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure . . . may result in dismissal of the Complaint without further notice." (Order to Show Cause (doc. # 112) at pp. 3-4). Zeng has long been on notice that dismissal would likely be a sanction for his failure to adequately prosecute this case and/or comply with the court's orders, the Local Rules, and the Federal Rules.

Finally, the court must evaluate whether sanctions less extreme than dismissal are appropriate in this case. "Because dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or [some] fault of [the plaintiff]." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (internal quotation marks and citations omitted). "[W]hen the litigant appears pro se the court must more carefully assess whether other less extreme sanctions would be appropriate." *Mobley v. McCormick*, 160 F.R.D. 599, 601 (D. Colo. 1995) (citation omitted). "Because dismissal with prejudice defeats

altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks omitted).

Through his previous counsel, Zeng conducted substantial discovery. Other than the conclusion of Zeng's deposition and Zeng's various pending requests to conduct additional discovery after the discovery deadline, discovery has been concluded. With the conclusion of Zeng's depostion and the entry of a Final Pretrial Order, this case will be postured for trial. Zeng represents that he will be available to proceed with this case after March 28, 2006. (*See, e.g.,* doc. # 92; Exhibits A-2, A-3, B-1, B-2, B-3 to proposed Final Pretrial Order (doc. # 102); Zeng's Responses to Court Order to Show Cause (doc. # 123) at ¶ 16). Thus, the court determines that dismissal is too extreme a sanction.

Zeng's conduct in the pretrial process has severely prejudiced HP. A meaningful way to sanction Zeng's conduct in disrupting the pretrial process and to protect HP from further delay and unnecessary expenditure of resources is to enforce the discovery deadline. The court determines that an appropriate sanction is to order Zeng to compensate HP for its costs and attorney fees incurred in preparing the Final Pretrial Order and appearing at the January 4, 2006 Final Pretrial Conference, enforce the November 11, 2005 discovery deadline, conduct a Final Pretrial Conference in Colorado after March 28, 2006, and enter a Final Pretrial Order.

III.     Zeng's Allegation of Bias

Zeng alleges that the Magistrate Judge "was disrespectful to Plaintiff" and "has bias and prejudice against him because Plaintiff is a Chinese American and a different culture background [sic]." (Zeng's Response to Order to Show Cause at ¶¶ 22, 23). *See also* Zeng's Response to Order to Show Cause at ¶¶ 25 ("Obviously, the Magistrate Judge's Order is a pretext. He wanted to dismiss Plaintiff's case back in April 2005. He has been looking for an excuse to do so since then.")). While Zeng does not specifically seek recusal of the Magistrate Judge, the court will examine the possible statutory grounds of recusal.

Title 28 § 455(a) provides that:

[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993. In applying the objective test, the initial inquiry is whether a reasonable <u>factual</u> basis exists for calling the judge's impartiality into question. *Cooley*, 1 F.3d at 993 (citations omitted) (emphasis in original). Under § 455, factual allegations do not have to be taken as true. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Nor is the judge limited to those facts presented by the challenging party.

Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *Cooley*, 1 F.3d at 993 (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974), *reprinted in* 1974 U.S. Code Cong. & Admin. News 6351, 6355). The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993 (citations omitted).

The Tenth Circuit has identified various matters that will not ordinarily satisfy the requirements for disqualification under § 455(a). *Cooley*, 1 F.3d at 993-94. "[T]he mere fact that a judge has previously expressed an opinion on a point of law" does not require recusal. *Id.* "[P]rior rulings in the proceeding, or another proceeding, solely because they were adverse" does not require recusal. *Id.* "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Title 28 § 455(b) provides:

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

      (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

      (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

      (5)  He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
        (i)  Is a party to the proceeding, or an officer, director, or trustee of a party;
        (ii)  Is acting as a lawyer in the proceeding;
        (iii)  Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
        (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

"[Section] 455(b) is stricter than § 455(a) and is concerned with situations that may involve actual bias rather than § 455(a)'s concern with the public perception of the judicial process." *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994) (internal quotation marks and citation omitted).

      Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to disqualify himself or herself. Section 144 provides:

      Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
      The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel

of record stating that it is made in good faith.

Section 144 requires an affidavit of bias and prejudice which must be timely and sufficient, among other things. *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (citations omitted). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman*, 831 F.2d at 939. Although a reviewing court must accept the truth of the facts alleged in a supporting affidavit, the affidavit is strictly construed against the party seeking recusal. *Glass*, 849 F.2d at 1267. "To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." *Sine v. Local No. 992, Intern. Broth. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989) (emphasis in original) (citations omitted).

Zeng has not filed any affidavit and fails to state any facts to support the request for recusal of the Magistrate Judge pursuant to § 144. As Zeng has not met the requirements of § 144, recusal is properly denied. Nor do Zeng's allegations rise to the level of bias under § 455. Other than his conclusory allegation of bias, Zeng alleges no specific grounds on which the impartiality of the Magistrate Judge might reasonably be questioned or that rise to the level of any actual bias. The mere fact that a judge has made an adverse ruling during litigation does not establish prejudice or bias. *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979) (citation omitted). *See also United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) ("prior rulings in the proceeding, or another proceeding, solely because they were adverse" or "the mere fact that a judge has previously expressed an opinion on a point of law" do not require recusal); *Knoll v. Socony Mobil Oil*, 369 F.2d 425, 430 (10th

Cir. 1966) (nor is disqualification of the judge authorized on the basis of a judge's previously expressed view of the law, the fact that a judge has decided a previous case against a litigant, or the fact that a judge has made adverse rulings against a party during litigation). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Section 455 also "does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). "There must be a reasonable factual basis to question the judge's impartiality." *In re McCarthey*, 368 F.3d at 1269-70. "The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *In re McCarthey*, 368 F.3d at 1269. "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939 (citations omitted).

Zeng has presented and the record reveals no facts showing that the Magistrate Judge is biased against Zeng. Zeng has presented only his personal speculation without alleging any specific facts. Zeng's allegations do not establish a basis for disqualification under § 455.

Accordingly,

IT IS ORDERED that, based upon Zeng's "Responses to Court Order to Show Cause" (filed January 17, 2006) (doc. # 123), the court's January 5, 2006 Order to Show Cause (doc. # 112) is DISCHARGED as follows:

    1.    The November 11, 2005 discovery deadline remains in effect.

Discovery in this civil action closed on November 11, 2005;

    2. **On or before March 1, 2006**, Zeng shall pay the costs and attorney fees incurred by HP for his failure to appear at the January 4, 2006 Final Pretrial Conference and his failure to participate in the preparation of the Final Pretrial Order.  **On or before February 14, 2006**, HP shall submit to the court an affidavit stating the costs and attorney fees it incurred for preparation of the Final Pretrial Order and appearance at the January 4, 2006 Final Pretrial Conference.

DATED at Denver, Colorado, this 26th day of January, 2006.

            BY THE COURT:

            *s/Craig B. Shaffer*
            United States Magistrate Judge