IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  04-cv-01910-LTB-CBS

BAOLIANG "RICHARD" ZENG,

   Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,

   Defendant.

_____

ORDER
_____

On January 5, 2006, the Magistrate Judge issued his Order pursuant to

D.C.COLO.L.Civ R 41.1 that Plaintiff show cause why this civil action should not be

dismissed for failure to appear at the January 4, 2006, final pretrial conference, failure to

prosecute this civil action, and failure to comply with the Court's orders, the Local Rules

of Practice for the United States District Court for the District of Colorado, and the Federal

Rules of Civil Procedure.  Plaintiff was advised that failure to respond timely to the show

cause order could result in dismissal of his complaint without further notice.  Plaintiff

responded to the show cause order on January 17, 2006.

On January 27, 2006, the Magistrate Judge issued his thorough and comprehensive

order addressing the Plaintiff's litigation conduct in light of Fed.R.Civ.P. 41(b) and the

factors set out in <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 918 (10th Cir. 1992).  Although

application of the <u>Ehrenhaus</u> factors to Plaintiff's litigation conduct could have justifiably

warranted a recommendation from the Magistrate Judge for dismissal, the Magistrate Judge exercised restrained discretion and instead ordered the show cause order be discharged as follows:

1.      The November 11, 2005 discovery deadline remains in effect.  Discovery in this civil action closed on November 11, 2005; and

2.      On or before March 1, 2006, Plaintiff shall pay the costs and attorney fees incurred by Defendant for Plaintiff's failure to appear at the January 4, 2006 final pretrial conference and his failure to participate in the preparation of the final pretrial order, Defendant to submit on or before February 14, 2006, to the Court an affidavit stating the costs and attorney fees it incurred for preparation of the final pretrial order and appearance at the January 4, 2006 final pretrial conference.

Fed.R.Civ.P. 72(a) provides that within ten days after being served with a copy of the Magistrate Judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made.  Although the Magistrate Judge's order is dated January 26, 2006, it was not filed until January 27, 2006.  Excluding intervening weekends, any objections by Plaintiff would have been due Friday, February 10, 2006.  Plaintiff filed no timely objections to the Magistrate Judge's order.

Defendant now moves for entry of judgment regarding the fee and cost award.  Plaintiff has filed a response in opposition.  In his response, Plaintiff acknowledges that he did not file an objection to the Magistrate Judge's order within the time provided by Rule

72(a).  He asserts however that he stated his objections in a declaration he filed on February 28, 2006.  Even construed liberally, that declaration is untimely under Rule 72(a).  Accordingly, the Magistrate Judge's order became final no later than February 10, 2006.

Pursuant to the Magistrate Judge's order, Defendant timely submitted its affidavit itemizing fees and costs in the amount of $4,566.12.  Although the deadline for doing so has passed, Plaintiff has not paid the amount owed.  Accordingly

Defendant's Motion is GRANTED and the Clerk of this Court is directed to enter judgment in favor of Defendant and against Plaintiff in this amount of $4,566.12.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

DATED: March 20, 2006