IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 04-cv-01910-LTB-CBS

BAOLIANG "RICHARD" ZENG,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,

    Defendant.

_____

ORDER
_____

    This matter is before me on the following motions filed by Defendant, Hewlett-Packard ("HP") Company: 1) Motion to Dismiss for Failure to Prosecute (#115) filed on January 10, 2006; 2) Objection to Order Re: January 5, 2006 Order To Show Cause (#137) filed on February 10, 2006; and 3) Motion for Summary Judgment (#43) filed on November 22, 2005, against Plaintiff, Baoliang "Richard" Zeng. I also address various discovery motions, filed by both parties, currently pending before the court (# 42, 57, 66, 78, 90, 91, 113). Oral argument would not materially assist me in the determination of these motions. After consideration of the motions, as well as all related pleadings and exhibits, and for the reasons set forth below, I GRANT the Motion to Dismiss and, as a result, DENY the remaining pending motions. Accordingly, I DISMISS this case WITH PREJUDICE.

# I. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Background

Plaintiff filed this employment discrimination action against Defendant, his ex-employer, on September 15, 2004. A jury trial was set to start on February 21, 2006. However, on June 20, 2005, Plaintiff's counsel was permitted to withdraw from representing him. At that time, Plaintiff was informed by Magistrate Judge Craig B. Shaffer that, until he found a new attorney, he represented himself and was bound by the Federal Rules of Civil Procedure and the Local Rules for the District of Colorado. Plaintiff was granted a "90-day extension on all discovery deadlines in this matter" in order to "obtain new counsel to prosecute this case." Since the filing of this case, Plaintiff has relocated from Colorado to California. To date, Plaintiff has not retained counsel and has been representing himself *pro se*.

Defendant had commenced Plaintiff's deposition on March 8, 2005. At that time the parties agreed that Defendant would have four additional hours to complete the deposition. On August 9, 2005, Defendant wrote to Plaintiff requesting dates to finish his deposition. Plaintiff responded that he needed to find an attorney before he could be deposed and that the deposition must take place in California. In response, Defendant indicated that Plaintiff's deposition should take place in Colorado, where the case was filed. Defendant wrote to Plaintiff, on September 22, 2005, again requesting dates to complete his deposition. Ultimately, on September 30, 2005, Defendant served a notice of deposition setting Plaintiff's deposition for October 24, 2005. Defense counsel sent Plaintiff two letters reminding him of the deposition.

Meanwhile, Defendant wrote Plaintiff on October 4, 2005, requesting that he supplement his responses to interrogatories and document requests. Plaintiff responded on October 18 and

20, 2005, and indicated that he was unable to travel to Colorado in October or for the next two months "due to my work schedule in my company as well as family reason[s]" and that he needed more time to provide supplemental discovery responses. On October 24, 2005, Plaintiff failed to appear for the completion of his deposition. After Defendant failed to appear, defense counsel offered to take his deposition in California before the discovery deadline, but Plaintiff indicated that "he could not meet Defendant's schedule." The extended discovery deadline expired on November 11, 2005.

On December 2, 2005, Plaintiff filed a motion seeking to "vacate the trial date" and to "amend the Scheduling Order to extend all discovery deadlines for 180 days. . .". Plaintiff also filed motions on December 8 and 9, 2005, seeking to vacate the trial date and extend the discovery deadlines. Plaintiff asserted that he had not been afforded sufficient time to find a new attorney. On December 13, 2005, I denied Plaintiff motions to vacate the trial date and amend the Scheduling Order.

Plaintiff again moved to vacate the trial date and sought to reset the scheduled Final Pretrial Conference and the Final Trial Preparation Conference on December 15 and 19, 2005. Plaintiff stated in these pleadings that, due to personal circumstances, he "will not travel outside of Northern California before March 28, 2006, including Plaintiff's appearance in deposition and Plaintiff's appearance in Court for the Final Pretrial Conference and the Final Trial Preparation Conference in January 2006 and the trial set February 21, 2006."

Between December 12, 2005 and January 17, 2006, Plaintiff filed numerous extensive motions seeking to transfer venue, to serve discovery requests out of time, leave to take more depositions, to strike Defendant's filings, etc. For example, on December 14, 2005, Plaintiff filed

a "Motion for Sanction and Discipline Actions" accusing defense counsel, among other things, of "illegal conduct in litigation."

On January 4, 2006, this case came before Magistrate Judge Shaffer for the scheduled Final Pretrial Conference. Plaintiff failed to appear. Prior to the hearing, the court received an incomplete Final Pretrial Order from the parties that failed to adequately identify Plaintiff's exhibit or witness lists due to Plaintiff's refusal to participate or discuss the Final Pretrial Order with defense counsel. Although Plaintiff alleged that he was unaware that the Final Pretrial Conference was set on January 4, 2006, the record indicates otherwise. In an order dated June 20, 2005, the Court set the Final Pretrial Conference on January 4, 2006, and that order was mailed to Plaintiff at the address provided to the court by him on that date; the Court's records indicate that the order was not returned in the mail as undeliverable. Furthermore, Plaintiff's requests to reset the Final Pretrial Conference filed on December 16 and 19, 2005, acknowledged it was set for January 2006 and, thus, shows that he was aware a Final Pretrial Conference had been scheduled. Finally, I note that Magistrate Shaffer issued a minute order on December 29, 2005, reminding the parties of their obligation to be present for the January 4, 2006 Final Pretrial Conference.

As a result of Plaintiff's failure to appear at the Final Pretrial Conference, Magistrate Shaffer ordered Plaintiff to show cause why this civil action should not be dismissed, pursuant to D.C.COLO. LCivR 41.1, for: failure to appear at the January 4, 2006 Final Pretrial Conference; failure to prosecute this civil action; and failure to comply with the Court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. In the Order to Show Cause, dated January 5, 2006, Magistrate Shaffer advised Plaintiff that failure to timely respond might result in dismissal of the Complaint without

further notice pursuant to Fed. R. Civ. P. 16(f) & 41(b). On January 17, 2006, Plaintiff responded to the Order to Show Cause. Plaintiff's primary allegation was that "[v]enue has been improper for this action." He also reiterated that he "did not receive any Court Order or Minute Order resetting the Final Pretrial Conference before January 3, 2006" and argued that the court erred in ordering him "to appear in person in the Final Pretrial Conference on January 4, 2006." Plaintiff further asserted that Defendant's "draft of the Final Pretrial Order lack of thoroughness and diligence [sic];" that Defendant's "witnesses at trial are irrelevant to Defendant's defenses;" and that Defendant's "submission of the Final Pretrial Order on December 28, 2005 was designed to be pretext to Defendant's discriminative motive against Plaintiff [sic] . . .".

In a thorough and comprehensive Order reciting Plaintiff's litigation conduct of record, Magistrate Shaffer discharged his January 5, 2006 Order to Show Cause on January 26, 2006. The Order is appended hereto as Appendix A and incorporated by reference. Magistrate Shaffer ruled that dismissal of Plaintiff's case, pursuant to Fed. R. Civ. P. 41(b), was "too extreme a sanction," and that a "meaningful way" to sanction Plaintiff's conduct in disrupting the pretrial process, and to protect Defendant from further delay and unnecessary expenditure of resources, was to order Plaintiff to compensate Defendant for its costs and attorney fees incurred in preparing the Final Pretrial Order and appearing at the January 4, 2006 Final Pretrial Conference. On February 10, 2006, Defendant filed its objection to Magistrate Shaffer's order discharging the order to show cause. On February 13, 2006, Defendant timely filed with the court an affidavit stating that the applicable costs and attorney fees it incurred totaled $4,566.12. Plaintiff failed to comply with Magistrate Shaffer's order, which directed Plaintiff to pay these costs and fees on or before March 1, 2006. By separate order entered March 20, 2006, I granted Defendant's Motion

5

for Entry of Judgment Re: Fee and Cost Award and, as a result, judgment in the amount of $4,566.12 was entered in favor of Defendant, and against Plaintiff, on March 21, 2006.

Law

In its pending Motion to Dismiss for Failure to Prosecute, filed on January 10, 2006, Defendant seeks dismissal of this case with prejudice, pursuant to Fed. R. Civ. P. 41(b) & 16(f), for Plaintiff's failure to prosecute and failure to comply with the applicable court rules and the orders of this court.

Fed. R. Civ. P. 16(f) authorizes a court to impose sanctions if a party fails to appear or is substantially unprepared to participate in a pretrial conference. Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." *Cosby v. Meadors,* 351 F.3d 1324, 1333 (10th Cir. 2003). In addition, the court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)(*quoting Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)). However, "[b]efore imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *The Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). "It is within a court's

discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Id.*

Analysis

In his Order Re: January 5, 2006 Order to Show Cause, Magistrate Judge Shaffer found that Plaintiff's conduct in this case met the first four factors for dismissal under Fed. R. Civ. P. 41(b) in that: his conduct caused significant actual prejudice to Defendant and had substantially interfered with the judicial process; despite his arguments to the contrary, the record reveals that the delays and current status of this case is due to Plaintiff's own culpability; and the record is clear that Plaintiff has long been on notice that dismissal would likely be a sanction for his failure to adequately prosecute this case and/or comply with the court's orders, the Local Rules, and the Federal Rules. Magistrate Shaffer's findings and conclusions on these four factors are amply supported by the record. I cannot improve on his analysis as to the first four factors and, as such, I adopt it here. *See* Appendix A.

*Factor Five*

Magistrate Shaffer could have justifiably assessed this factor in favor of dismissal. But, after assessing the applicability of the fifth factor, the efficacy of a lesser sanction, Magistrate Shaffer exercised restrained discretion and ultimately determined that dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) was too extreme a sanction. Instead he found that the more appropriate sanction was to order Plaintiff to pay Defendant's costs and attorney fees incurred in preparing the Final Pretrial Order and appearing at the January 4, 2006 Final Pretrial

7

Conference.  Defendant timely filed an affidavit that it incurred $4,566.12 in fees and expenses in preparing the Final Pretrial Order and attending the Final Pretrial Conference.

On February 28, 2006, Plaintiff filed a pleading with the Court entitled "Declaration of Baoliang "Richard" Zeng to Support Plaintiff's Objections to Order Re: January 5, 2006 Order to Show Cause."  In that declaration,  Plaintiff  "strongly object[ed]" to Magistrate Shaffer's sanction order as "unjust and in bad faith."  To the extent that Plaintiff was attempting to challenge the Magistrate's order imposing sanctions, such "objection" to this nondispositive matter was filed out of time and therefore cannot be appealed pursuant to Fed. R. Civ. P. 72(a)("[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made").  Plaintiff also asserted that he has limited financial resources, was living with a "negative cash flow," and has "been struggling financially for [his] family's survival since [he] was terminated from HP in 2002."  As a result, Plaintiff stated that "given my financial difficulty and my family's financial struggle for survival, I can not afford to pay [Defendant's] costs and expenses."  The deadline for Plaintiff  to pay those costs and fees expired on March 1, 2006, and I ordered entry of  judgment in favor of Defendant in the amount of $ 4,566.12 on March 20, 2006.

As a result, I conclude that the effectiveness of lesser sanctions – the final factor to be considered when determining the appropriateness of a dismissal under Fed. R. Civ. P. 41(b) – is clearly not an effective remedy for Plaintiff's failure to adequately prosecute this case or to comply with the Federal Rules of Civil Procedure and, most obviously, the orders issued by this court.  *See Jones v. Thompson, supra,* 996 F.2d at 266 ("[w]ith the threat of dismissal facing them, the

Plaintiffs still refused to pay [court ordered] attorney's fees and expenses or to produce a pretrial order"); *De Foe v. Sprint/United Management Co.,* 196 F.R.D. 392, 395 (D. Kan. 2000)(finding that Plaintiff's refusal to pay a monetary sanction ordered by the court warranted dismissal). This is not a case in which "a lesser sanction will deter the errant party from further misconduct." *Ehrenhaus v. Reynolds, supra,* 965 F.2d at 920. Plaintiff's failure to comply, yet again, after more than adequate notice and numerous warnings warrants dismissal under Fed. R. Civ. P. 41(b).

Although dismissal with prejudice is a harsh sanction, and the policy of the law certainly favors hearing a litigant's claims, *see Ehrenhaus v. Reynolds, supra,* 965 F.2d at 920, the circumstances and procedural history of this case are such that such a sanction is appropriate and necessary. This is not a case in where Plaintiff, as a *pro se* litigant, unknowingly loses his "right to access to the courts because of a technical violation." *Id.* at 920 FN3. Plaintiff has been given ample time to advance this case, as well as numerous opportunities to comply with the rules and the orders of this court. His willful refusal to do so, and the resulting prejudice to Defendant, leave no choice but to dismiss for failure to prosecute. *See e.g. Mobley v. McCormick*, 160 F.R.D. 599, 602 (D. Colo. 1995)(concluding that dismissal was appropriate sanction when Plaintiff "repeatedly and intentionally flouted, disregarded and disobeyed the orders of this court, while simultaneously failing to offer any satisfactory justification for his actions"); *see also Jones v. Thompson, supra,* 996 F.2d at 265. As a result, because I conclude that dismissal would satisfy the interests of justice in this case, under the relevant factors, I GRANT Defendant's Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b).

## II. OBJECTION TO ORDER RE: JANUARY 5, 2006 ORDER TO SHOW CAUSE

In light of my ruling granting Defendant's Motion to Dismiss for Failure to Prosecute, Defendant's related Objection to Magistrate Shaffer's Order discharging his January 5, 2006 Order to Show Cause – in which Defendant objects to that portion of the order finding, or implicitly finding, that Plaintiff has adequately shown cause why this case should not be dismissed with prejudice – is MOOT.

## III. SUMMARY JUDGMENT

Likewise, in light of my ruling granting Defendant's Motion to Dismiss, Defendant's pending Motion for Summary Judgment is MOOT.

## IV. REMAINING PENDING MOTIONS

Finally, I note that there are numerous pending requests by both Plaintiff and Defendant seeking relief, including sanctions, for alleged discovery violations, violations of the stipulated protective order concerning confidential information, etc. However, in light of my ruling on Defendant's Motions For Failure to Prosecute, and the resulting dismissal of this case, I conclude that such motions pending before me or Magistrate Judge Shaffer are DENIED.

Therefore, it is ORDERED as follows:

1) Defendant's Motion to Dismiss for Failure to Prosecute (#115) is GRANTED;

2) Defendant's Objection to Order Re: January 5, 2006 Order To Show Cause (#137) is DENIED AS MOOT; and

3) Defendant's Motion for Summary Judgment (#43) is DENIED AS MOOT;

4) The following pending motions are DENIED:

   Defendant's Motion to Compel and Motion for Sanctions Re: Plaintiff's Deposition (#42);

   Plaintiff's Motion for Extension of Time to File Responses to Defendant's Motion to Compel and Sanction (#57);

   Plaintiff's Motion for Leave to Serve Out of Time (#66);

   Defendant's Motion to Strike Plaintiff's Motion to Vacate Minute Order, Motion to Seal or Remove Confidential Documents from Public Record, and Request for Sanctions (#78);

   Plaintiff's Motion to Compel (#90);

   Plaintiff's Motion for Leave to Modify Scheduling Order (#91); and

   Defendant's Motion to Strike Plaintiff's Brief in Support of His Responses to Motion for Summary Judgment and Accompanying Materials, Motion to Seal or Remove Confidential Documents From Public Record, and Request for Sanctions (#113).

Accordingly, this case is DISMISSED WITH PREJUDICE, with costs AWARDED to Defendant, and the Clerk of the Court is DIRECTED to enter final judgment in favor of Defendant.

Dated: March __21__ , 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
   LEWIS T. BABCOCK, CHIEF JUDGE