IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  04-cv-01910-LTB-CBS

BAOLIANG "RICHARD" ZENG,

      Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,

      Defendant.

_____

## ORDER

_____

      This matter is before me on the following post-judgment motions filed by Plaintiff,

Boaliang "Richard" Zeng:  1) Plaintiff's Motion to Amend or Make Additional

Findings of Fact, Motion to Alter or Amend Court Order and Judgment, Motion for Relief

from Court Order and Judgment Re: Court Order Entered on March 20, 2006 and

Judgment Awarding Fees and Costs Entered on March 21, 2006 **[Doc. No. 153, filed on March**

**30, 2006]**; and 2) Plaintiff's Motion to Amend or Make Additional Findings of Fact, Motion to

Alter or Amend Court Order and Judgment, Motion for Relief from Court Order and Judgment

Re: Court Order Entered on March 21, 2006 and Judgment Entered on March 22, 2006 **[Doc.**

**No. 154, filed on April 5, 2006]**.  In these motions, Plaintiff seeks reconsideration of: 1) my

March 20, 2006 order in which I granted Defendant, Hewlett-Packard Company's, Motion for

Entry of Judgment Re: Fee and Cost Award and, as such, awarded Defendant its attorney fees

and costs, in the amount of $4,566.12, for Plaintiff's failure to appear at the Final Pretrial

Conference and his failure to participate in the preparation of the final pretrial order (the

"Sanctions Order"); and 2) my order dated March 21, 2006, in which I granted Defendant's

Motion to Dismiss for Failure to Prosecute and, as such, dismissed Plaintiff's case with prejudice

(the "Dismissal Order").  After consideration of Plaintiff's motions for reconsideration, as well as

his Declaration and Brief filed in support thereof, and Defendant's Response to Plaintiff's Post-

Judgment Motions, I DENY Plaintiff's motions for the following reasons.

## I.  Relevant Rules of Reconsideration

I first note that Plaintiff seeks reconsideration of my orders pursuant to Fed. R. Civ. P.

52(b), 59(e), 60(a), and 60(b).  In response, Defendant argues that none of these rules support

reconsideration or amendment of either the Sanctions Order or the Dismissal Order.  I agree with

Defendant that Plaintiff's motions do not satisfy the requirements under the federal rules to

warrant post-judgment relief.

Fed. R. Civ. P. 52(b) and 59(e) allow for amendment of a judgment, within ten day, when

the court has made "manifest errors of fact or law" or, under limited circumstances, to present

newly discovered evidence.  Plaintiff is not presented newly discovered evidence, nor has he

argues a manifest error of law or fact.  Rather, Plaintiff's motions attempt to improperly reargue

positions already addressed and rejected.   *See Lyons v. Jefferson Bank & Trust*, 793 F.Supp.

989, 991 (D.Colo. 1992)(a  Fed. R. Civ. P. 52(b) motion cannot advance new theories or secure a

rehearing on the merits); *see also* 9 Wright & Miller, *Federal Practice and Procedure,* § 2582

(1971)("[a] party who failed to prove his strongest case is not entitled to a second opportunity by

moving to amend a finding of fact or conclusion of law").  As such, Plaintiff's reliance on Fed. R.

Civ. P. 52(b) and 59(e) for relief is misplaced.

2

In addition, I reject Plaintiff's attempt to seek relief pursuant to Fed. R. Civ. P. 60(a), which applies solely to the correction of clerical mistakes in judgments and orders. *See In re Boyer,* 305 B.R. 42, 48 (Bkrtcy.D. Kan. 2004)("Rule 60(a) deals with errors, oversights, omissions and unintended acts or failures that result in a record that does not properly reflect the intention of the parties or the court . . . [it] exists not to alter a judgment, but rather to make it state accurately what the judgment is").

Finally, Fed. R. Civ. P. 60(b) permits a court to relive a party from final judgments "upon such terms as are just" for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud, ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, . . .; or (6) any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Allender v. Raytheon Aircraft Co.,* 439 F.3d 1236, 1242 (10th Cir. 2006). However, Fed. R. Civ. P. 60(b) relief is not available to allow a party merely to reargue issues previously addressed to the court, as is the case here. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 577 (10th Cir. 1996). A motion to reconsider under Fed. R. Civ. P. 60(b) is not a motion "to reargue those issues already considered when a party does not like the way the original motion was resolved." *Bartholic v. Scripto-Tokai Corp.*, 140 F.Supp.2d 1098, 1124 (D.Colo. 2000)(quoting *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996)). Nonetheless, I briefly address and reject Plaintiff's substantive arguments as follows.

3

## II.  Reconsideration of the Sanctions Order

Plaintiff makes numerous arguments challenging the amount, fairness and reasonableness of the Sanctions Order.  He specifically requests that I amend the amount of the judgment against him from $4,566.12, to $500.00 or less.

However, as I have previously ruled, Plaintiff's challenge to the reasonableness of the amount ordered was untimely as set forth in Fed. R. Civ. P. 72(a)(providing, in pertinent part, that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order").  I note that Plaintiff's contention that his response was timely based on when he allegedly *received* the relevant order is untenable as "[s]ervice by mail is complete on mailing" pursuant to Fed. R. Civ. P. 5(b)(2)(B).

Furthermore, to the extent that Plaintiff seeks a lesser sanctions award, I note that Fed. R. Civ. P. 16(f) allows for sanctions for a party who fails to appear at a pretrial conference with both the reasonable expenses and the attorney fees incurred by the opposing party.  *See* Fed. R. Civ. P. 16(f)("[i]n lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust").  The Court also has "very broad" discretion in fashioning appropriate sanctions under Fed. R. Civ. P. 16(f).  *Royalty Petroleum Co. v. Arkla, Inc,* 129 F.R.D. 674, 680 (W.D.Okl. 1990).

4

Finally, even accepting as true Plaintiff's assertion that my Sanctions Order – and, more specifically, the underlying Order Re: January 5, 2206 Order to Show Cause by Magistrate Judge Craig B. Shaffer – contain inaccuracies related to the procedural record in this matter, I conclude that such errors, if any, were not material to my decision to deny Plaintiff's challenge to the Magistrate's order.

### III. Reconsideration of Dismissal Order

In Plaintiff's motion seeking reconsideration of my Dismissal Order, Plaintiff argues, in addition to the reiterated arguments made in his motion seeking reconsideration of my Sanctions Order, that the Court did not warn him that his failure to prosecute this case could result in *both* a monetary sanction and a sanction of dismissal. However, Plaintiff has failed to refer me to case law in support of his argument, and my research does not reveal any such authority. The Sanctions Award was predicated on Plaintiff's failure to appear and prepare for the final pretrial conference and, as such, was intended to compensate Defendant for its related expenses and fees under Fed. R. Civ. P. 16(f). In contrast, my Dismissal Order was based on Plaintiff's continued failure to properly advance his case under Fed. R. Civ. P. 41(b).

Again, even accepting as true Plaintiff's assertion that my Dismissal Order contains inaccuracies related to the procedural record in this matter – such as his assertion that the discovery cutoff date was actually extended to November 15, 2005, as opposed to November 11, 2005 – I conclude that any such errors were not material to my decision to grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b). As I have found previously, Plaintiff was given notice that he must comply with the Federal Rules of Civil Procedure, which include

numerous rules providing the imposition of monetary sanctions, and he was also on specific notice

that his failure to prosecute this matter could result in dismissal with prejudice pursuant to Fed. R.

Civ. P. 41(b).

Accordingly, it is ORDERED as follows:

1) Plaintiff's Motion to Amend or Make Additional Findings of Fact, Motion to Alter or

Amend Court Order and Judgment, Motion for Relief from Court Order and Judgment Re: Court

Order Entered on March 20, 2006 and Judgment Awarding Fees and Costs Entered on March 21,

2006 **[Doc. No. 153]** is DENIED; and

2) Plaintiff's Motion to Amend or Make Additional Findings of Fact, Motion to Alter or

Amend Court Order and Judgment, Motion for Relief from Court Order and Judgment Re: Court

Order Entered on March 21, 2006 and Judgment Entered on March 22, 2006 **[Doc. No. 154]** is

DENIED.

Dated:  May __2__, 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

6